UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MELVIN THOMAS,

        Plaintiff,

   v.

LYLE ENTERLINE,

        Defendant.

Case No. 2:04-CV-67

Hon. Richard Alan Enslen

**OPINION**

_____/

This matter is before the Court on Defendant Lyle Enterline's Objections to United States Magistrate Judge Timothy P. Greeley's Report and Recommendation of February 23, 2006 ("Report"), which recommended that Defendant Lyle Enterline's Motion for Dismissal and/or Summary Judgment be denied. The Court will review the Report, Defendant's Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

Plaintiff Melvin Thomas is an inmate currently incarcerated at the Michigan Department of Correction's ("MDOC") Marquette Branch Prison. Plaintiff brought this civil action pursuant to Title 42 of the United States Code, section 1983, and alleged that Defendant deprived him of the protections afforded by the United States Constitution during his stay at the Alger Correctional Facility. Defendant serves as a Residential Unit Manager at the Alger Correctional Facility. Specifically, Plaintiff claims that his First Amendment rights were violated when Defendant retaliated against him for filing grievances and lawsuits against Defendant and other MDOC staff members. Plaintiff also claims Defendant used excessive force against him in contravention of the Eighth Amendment. Defendant has moved to dismiss, and alternatively, for summary judgment on both of Plaintiff's claims.

Judge Greeley reviewed Defendant's Motion, Plaintiff's Response, and evidence on record, ultimately recommending the denial of Defendant's Summary Judgment Motion because jury fact finding was necessary.[1]  Judge Greeley also recommended that Defendant not be accorded qualified immunity on either claim.  Defendant's two Objections assign error to both of Judge Greeley's recommendations.

First, Defendant asserts that Plaintiff has not met his evidentiary burden in response to Defendant's Motion for Summary Judgment.  Defendant focuses his argument on the fact that Plaintiff's only evidentiary support for his claims is his "word," or sworn declaration, that the events occurred as he says.[2]  Similarly, Defendant, in support for his Motion for Summary Judgment, relies only on his "word" (by affidavit) and his co-workers' "word" (also by affidavit).  Upon review, the Court finds that Plaintiff has adequately responded to Defendant's Motion and set forth specific facts showing a genuine need for trial.  *See* FED. R. CIV. P. 56(e) and 56(c) (stating that the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" are considered in determining whether there is a genuine issue as to any material fact).  Plaintiff's verified pleadings have the same force and effect as an affidavit in response to Defendant's Motion under Rule 56(e).  *GBJ Corp. v. E. Ohio Paving Co.*, 139 F.3d 1080, 1089 (6th Cir. 1998); *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).  Essentially, the Court perceives two credible, competing versions of the facts and a jury is free to believe either one.

---

[1] Both parties requested consideration of matters beyond the pleadings and Defendant's Motion for Dismissal and/or Summary Judgment was considered solely as seeking summary judgment.  *See* FED. R. CIV. P. 12(b).

[2] Plaintiff verified under penalty of perjury that the events giving rise to his Complaint are true and accurate. 28 U.S.C. § 1746. Plaintiff's Response was also verified under penalty of perjury.

Concerning Plaintiff's Eighth Amendment claim, Defendant suggests that Plaintiff has not shown he was physically injured. The Court disagrees. As the Report correctly observed, Plaintiff claims he was exposed to excessive force when Defendant slammed his face into a cell wall and bent his thumb backwards. Plaintiff has established with record evidence that after this incident occurred, he was diagnosed with temporomandibular joint disorder in his jaw. Accordingly, Plaintiff has shown he suffered a physical injury.

Next, Defendant assets that Judge Greeley considered his entitlement to qualified immunity under an erroneous legal standard. Defendant contends that Judge Greeley denied him qualified immunity merely because material issues of fact precluded summary judgment on Plaintiff's First and Eighth Amendment claims. *See Saucier v. Katz*, 533 U.S. 194, 202 (2001) (noting impropriety of mechanically denying qualified immunity any time a material issue of fact remains on excessive force claims). A review of the Report belies that contention.[3] As Judge Greeley correctly observed:

> The procedure for evaluating claims of qualified immunity is tripartite: First, we determine whether a constitutional violation occurred; second, we determine whether the right that was violated was a clearly established right of which a reasonable person would have known; finally, we determine whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights. *Williams v. Mehra*, 186 F.3d 685, 690 (6th Cir. 1999).

(Report at 6). Contrary to Defendant's assertion, Judge Greeley did not deny Defendant qualified immunity simply because fact issues surrounded Plaintiff's claims. Rather, Judge Greeley

---

[3] Although Judge Greeley did note that "because a genuine issue of fact exist regarding [P]laintiff's constitutional claims, qualified immunity is not an available defense[,]" (Report at 6), he also went through the entire three-part test for qualified immunity as outline in *Williams v. Mehra*, 186 F.3d 685 (6th Cir. 1999) and *Scicluna v. Wells*, 345 F.3d 441, 445 (6th Cir. 2003). Consequently, the Court finds no error in Judge Greeley's treatment of Defendant's request for qualified immunity.

reasoned—faithful to *Saucier*—that Plaintiff had sufficiently alleged that a constitutional violation occurred; Plaintiff's claims are clearly established constitutional violations such that a reasonable official would have understood his behavior to be unconstitutional; and that "because [P]laintiff has set forth facts which would could support his First and Eighth Amendment claims, [D]efendant is not entitled to qualified immunity." (*Id.* at 11).  Thus, the Court finds Judge Greeley applied the proper legal standard in denying Defendant's request for qualified immunity.  *Scicluna*, 345 F.3d at 445.  Defendant's Objection on this ground will be denied.

Therefore, the Court will deny Defendant Lyle Enterline's Objections.  An Order consistent with this Opinion shall issue.

DATED in Kalamazoo, MI:       /s/ Richard Alan Enslen  
                               RICHARD ALAN ENSLEN  
      March 23, 2006           SENIOR UNITED STATES DISTRICT JUDGE